IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAUDIA SIMS,

        Plaintiff,

v.

SALEM HEALTH HOSPITALS AND CLINICS,

        Defendant.
_____

Civ. No. 6:17-cv-00404-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Claudia Sims is a registered nurse who worked for defendant Salem Health in various positions from January 3, 2011 until her discharge on May 21, 2015. Compl. ¶ 5-6. Plaintiff alleges that the reasons provided by Salem Health for her discharge were a pretext to justify disparate racial treatment. Compl. ¶¶ 8-12. She alleges two claims in her complaint: (1) Title VII race discrimination under federal law, 42 U.S.C. §§ 2000e, *et seq.*, and (2) state race discrimination under OR. REV. STAT. § 659A.030(a) and (b).

1 – OPINION AND ORDER

Defendant moves for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because plaintiff's federal claim is time barred, defendant's motion (ECF No. 5) is GRANTED in part. Because plaintiff has provided sufficient evidence in the record to support the contention that the federal court's electronic filing system failed to accept her complaint on the day it was submitted, Plaintiff's Motion to Correct Docket (ECF No. 8) is GRANTED in part.

## BACKGROUND

Plaintiff's employment was terminated on March 21, 2015. Compl. ¶ 6. Plaintiff filed a complaint with the state's Bureau of Labor and Industries (BOLI). By letter dated December 12, 2016, BOLI found insufficient evidence to continue their investigation and provided a NOTICE OF RIGHT TO FILE A CIVIL SUIT. Decl. Reeves Ex. D, ECF No. 6. The BOLI letter correctly instructed Plaintiff that she had 90-days to file suit from the date of the letter.

The court docket reads that this case was filed on March 13, 2017. The complaint was not uploaded into the electronic filing system until March 15, 2017, when the court clerk contacted the Plaintiff's attorney's office and informed them that the complaint had not been received with the case filing.

## STANDARD OF REVIEW

**I. Motion to Dismiss pursuant to Rule 12(b)(1)**

This Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). First, the plaintiff must prove that he has suffered an injury in fact, *which is* a concrete and particularized invasion of a legally protected interest. *Id.* at 560. This injury must be actual or imminent, not

conjectural or hypothetical. *Id.* Second, there must be a causal connection, meaning the injury must be fairly traceable to the conduct cited in the Complaint. *Id.* And third, there must be redressability, or a likelihood that a favorable decision will redress the injury. *Id.* at 561.

**II. Motion to Dismiss pursuant to Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Title VII Claim is time-barred

A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to bringing an action under Title VII. 42 U.S.C. § 2000e-5(e)(1); *Grove City Veterinary Serv. LLC v. Charter Practices Int'l LLC*, No. 3:13-cv-02276-AC, 2014 WL 3371918 at *2 (D. Or. July 9,

2014). Where a plaintiff fails to timely file an EEOC charge, their judicial claims must be dismissed. *Ariz. ex rel Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016) ("An individual's failure to file a charge with the agency within [the] time frame [set out in § 2000e–5(e)(1)] will usually operate to bar that person from bringing a lawsuit for failure to exhaust their administrative remedies."). The timeline for filing a charge with EEOC is 180 days from the day the allegedly discrimination took place. The 180-day filing deadline is extended to 300 days if a state or local agency enforces a law that prohibits employment discrimination on the same basis. 42 U.S.C. § 2000e-5(e)(1).

Plaintiff concedes that Ms. Sims did not initiate a BOLI filing within 300 days of the alleged discriminatory conduct, but filed with BOLI on May 12, 2016, more than 300 days after her employment had ended. Def. Resp. 1-2, ECF No. 7; Decl. Reeves Ex. C, ECF No. 6. Because Plaintiff did not exhaust her administrative remedies within the statutory timeline, Plaintiff's first claim for relief is dismissed with prejudice.

## II. Plaintiff's Motion to Correct Docket

Plaintiff moves the court for an order correcting the docket entry to reflect that the complaint was filed on March 13, 2017. Pl.'s Mot., ECF No. 8. The court docket currently reflects that the complaint was filed on March 15, 2017.

Plaintiff's attorney asserts that his office electronically filed the complaint on March 13, 2017. Tamie Sanderson, an assistant to Plaintiff's attorney, submitted a declaration that on March 13 she started the electronic filing process. Decl. Sanderson 1-2, ECF No. 9. In her declaration she states that she did, in fact, upload the complaint as part of the filing process on that day. Specifically, she states that "[I] distinctly remember uploading the complaint and reading the notification that the Summons and Civil Cover Sheet had to be attachments."

I have no reason on this record to doubt the declaration of Ms. Sanderson. Her declaration is supported by the fact that the credit card payment that would typically accompany such a filing was processed on March 13 as shown by the credit card receipt. Decl. Sanderson Ex. 1, ECF No. 9. It is also clear that the court assigned this litigation a case number on March 13.

On March 15, 2017, the court clerk contacted Ms. Sanderson informing her that the March 13, 2017 filing contained a 'shell' in that the complaint was not attached. Decl. Sanderson 1-2, ECF No. 9. Ms. Sanderson then re-filed the complaint. *Id*.

At my request, the court's Operations Support Specialist reviewed the transaction history report for this case and confirmed that the 'shell' of the case was opened on March 13, 2017 using the attorney's login. When a complaint is filed, the person must first go through pay.gov to the pay the filing fee. Ms. Sanderson's declaration and credit card receipt show payment was made on March 13, 2017.

On the record before us I find that the civil action was commenced and Plaintiff's complaint was filed on March 13, 2017, and but for some unknown computer or system error, the complaint was not received. Plaintiff's motion to correct docket is GRANTED. The docket shall be corrected to reflect that the complaint was filed March 13, 2017.[1]

**III. Supplemental Jurisdiction**

The remaining claim in this suit is for state race discrimination under OR. REV. STAT. § 659A.030(a) and (b). Because there is no longer a federal claim, this Court lacks original jurisdiction. Without original jurisdiction, this court cannot exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th

---

[1] Whether the 90th day under ORS § 659A.875 lands on Sunday, March 12 or on Monday, March 13, 2017 is unclear. The upshot to the fact that March 12 is a Sunday is even more unclear. The parties have not asked this court to consider these issues, and so I happily abstain.

Cir. 2001). Because this court lacks jurisdiction, Plaintiff's claim for state race discrimination is dismissed without prejudice.

## **CONCLUSION**

For these reasons, Plaintiff's motion to correct docket (ECF No. 8) is GRANTED in part. The court docket shall be corrected to reflect the complaint filing date of March 13, 2017.

Defendant's motion to dismiss (ECF No. 5) is GRANTED in part. Plaintiff's First Claim for Relief: federal race discrimination is dismissed with prejudice. Plaintiff's Second Claim for Relief: state race discrimination is dismissed without prejudice for lack of federal jurisdiction. IT IS SO ORDERED.

Dated this 7th day of June, 2017.

                                                \_\_\_/s/Michael J. McShane_____
                                                **Michael J. McShane**
                                            **United States District Judge**